IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD WILKINSON, *et al.* | : | CIVIL ACTION |
| v. | : | |
| MARITRANS PARTNERS, L.P., *et al.*: | | 91-7021 |

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                    September 5, 2006

In 1991, Plaintiff[1] filed this Jones Act case, alleging that, in 1988, he fell on an icy dock after a non-working radio made it necessary for him to leave the tug-boat on which he was employed. Defendants have filed a motion to dismiss, asserting failure to prosecute and laches.

The case was reassigned to my docket after the death of my colleague, the Honorable Charles R. Weiner. While the case was assigned to Judge Weiner, the following order was entered:

> AND NOW, this 5th day of February, 1992, it is ORDERED that pursuant to agreement of counsel the above-entitled matter is **DISMISSED WITHOUT PREJUDICE.** The case is to remain in status quo and the Statute of Limitations is tolled.
>
> It is further understood that all discovery and settlement discussions will continue and if intervention by the Court is needed or desired, the parties may ask for assistance by either filing the appropriate motions, writing to the Court or setting a telephone conference. The parties shall keep the Court advised of the status of this case and when they are ready for trial or wish a settlement conference all that is necessary is to write directly to the Court or set a telephone conference.

Order of Feb. 5, 1992.

---

[1] The case was brought by Arnold Wilkinson and his then-wife, Linda Wilkinson. Counsel agree that Ms. Wilkinson is not a viable Plaintiff, but she was never terminated as a party.

Discovery continued, in fits and starts, through 1998. On March 3, 1999, Defendants' counsel, Mr. Goldstein, sent a letter to counsel for Plaintiff, Mr. Thaler, stating in relevant part: "please find a proposed schedule which we may consider presenting to Judge Weiner. I believe that it would be appropriate that you, as counsel for plaintiff, forward to the court the ultimate schedule on which we agree." Defs.' Mot. Ex. 3.

After that letter there was no further communication between the parties or with the Court until August 17, 2005, when Mr. Thaler telephoned Mr. Goldstein. According to Mr. Goldstein, Mr. Thaler told him that his client had "popped up" and that he would like to get the case started again. Defs.' Mot. Ex. 2. Mr. Thaler does not dispute the substance of this conversation. Counsel then exchanged a series of letters with Mr. Thaler providing medical records and the like, and Mr. Goldstein asserting that Defendants regarded the case as dismissed. Plf.'s Opp. Ex. 3. Mr. Thaler sent a letter to the Clerk of Court on April 21, 2006, requesting a conference and triggering the reassignment. Id.

In moving for dismissal, Defendants wisely abandoned the argument, made in the status conference on June 20, 2006, that Judge Weiner's order acted as a dismissal with prejudice. The Court of Appeals has held that similar language does not constitute a final order of dismissal. See Trent v. Dial Medical of Florida, Inc., 33 F.3d 217 (3d Cir. 1994); Brace v. O'Neill, 567 F.2d 287 (3d Cir. 1977). Defendants argue that the case should be dismissed

pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, or under the doctrine of laches.  Rule 41(b) provides the proper grounds for dismissal in these circumstances.

There is no question that the delay in this case has been extraordinary.  It is difficult to understand why discovery stretched on for more than seven years in a relatively straightforward case, but as of 1999 there was probably no bar to trying the case.  It is now 2006, however, and it is undisputed that nothing happened in this case for more than six years.  After applying the factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), to the circumstances here, I conclude that dismissal is warranted.  Plaintiff himself is personally and solely responsible for the delay since 1999; he did not communicate with his attorney or do anything to advance his case until 2005.  Defendants have convincingly argued that the passage of time would make it difficult if not impossible for Defendants to seek indemnity against the owner of the dock where Plaintiff slipped and fell.  They also argue that numerous witnesses are unavailable: the claims manager of the file has died and the whereabouts of the captain of the vessel and of the experts are unknown.  In addition, Plaintiff has suffered unrelated injuries in the intervening years that could make it difficult to apportion harm to the event at issue.

Although there is no evidence that Plaintiff acted in bad faith, and I do not hold that the complaint was without merit

(although there are significant questions both as to liability and damages), the case must be dismissed. No alternative sanction would cure the prejudice associated with attempting to try this stale case. No rational reading of Judge Weiner's order would lead one to believe that the case could go forward after so many years of complete inaction. "'Failure to prosecute' under the Rule 41(b) does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial." Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994) (internal quotation omitted).

The accident occurred in 1988; to have a trial nearly two decades later, because of Plaintiff's failure to prosecute, would defeat the purpose of the Federal Rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

An order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARNOLD WILKINSON, et al.         :        CIVIL ACTION
                                 :
          v.                     :
                                 :
MARITRANS PARTNERS, L.P., et al.:         91-7021
```

**O R D E R**

AND NOW, this 5th day of September 2006, upon consideration of Defendants' Motion to Dismiss and the response thereto, and for the reasons stated in the accompanying memorandum,

IT IS hereby ORDERED that:

1. The order of dismissal dated February 5, 1992, is VACATED, and the case is restored to the active docket.

2. Defendants' Motion to Dismiss is GRANTED.  The case is DISMISSED WITH PREJUDICE for failure to prosecute.  The Clerk is directed to mark the case-file CLOSED.


                              BY THE COURT:



                              /s/ John P. Fullam
                              John P. Fullam,    Sr. J.